[Jesus Chavez]

Plaintiff

v.

Share Staff LLC,

Defendant.

CASE NO. 8:26cv610

JURY TRIAL DEMANDED

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 OCT 13 PM 12:14
OFFICE OF THE CLERK

NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practices Act (NFEPA) to remedy unlawful joint-employer cross-gender sexual harassment, a hostile work environment, and immediate retaliatory termination.

Plaintiff, a contractor nurse, was jointly employed by Share Staff LLC and the Nebraska Department of Correctional Services (NDCS). Throughout his assignment, Plaintiff kept Share Staff LLC continuously informed of severe sexual harassment and systemic patient-care failures at the facility.

Rather than intervening to protect its employee, Share Staff LLC acquiesced to and executed the retaliatory termination issued by NDCS exactly two hours after Plaintiff lodged a formal written complaint.

JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f).

This Court exercises supplemental jurisdiction over the Nebraska state-law claims pursuant to 28 U.S.C. § 1367(a) because they arise out of the exact same nucleus of operative facts as the federal claims.

Venue is proper in the District of Nebraska under 28 U.S.C. § 1391(b) because Defendant Share Staff LLC does business in this district and the events giving rise to these claims occurred here.

PARTIES

Plaintiff Jesus Chavez is a male resident of the State of Nebraska who was engaged as a contractor nurse by Defendant Share Staff LLC and assigned to the Nebraska Department of Correctional Services.

Defendant Share Staff LLC is a limited liability company doing business in Nebraska, with its principal place of business located at [Insert Share Staff Corporate Address]. Share Staff LLC acted as Plaintiff's direct payroll and administrative employer.

FACTUAL ALLEGATIONS

The Joint Employment Relationship

9. Plaintiff worked continuously as a contractor nurse assigned to NDCS facilities for three and a half years via Share Staff LLC, maintaining an exemplary professional record.

10. Under applicable federal and state standards, Defendant Share Staff LLC and NDCS operated as joint employers. Share Staff LLC managed Plaintiff's compensation, payroll, and benefits, while jointly retaining the power to hire, terminate, or modify the terms of Plaintiff's employment assignment.

Notice to Share Staff LLC of Hostile Work Environment

11.Throughout 2025, Plaintiff-Intervenor was subjected to severe, unwelcome, and pervasive harassment within the facility's medical units by NDCS staff member Associate Warden Seth Perlman.

12. Plaintiff was in constant, ongoing communication with Share Staff LLC regarding these events. Plaintiff explicitly notified Share Staff LLC management of the severe cross-gender harassment, the hostile work environment, and the administrative cover-ups occurring at the assigned facility.

13. Despite having actual and constructive knowledge of this abusive environment, Share Staff LLC failed to take prompt, effective remedial action or intervene to secure a safe workplace for its employee.

The Retaliatory Termination Nexus

14. In addition to reporting the harassment, Plaintiff escalated severe operational misconduct (unlicensed personnel practicing medicine and patient-care negligence) to the Office of Governor Jim Pillen and the NDCS Inspector General.

15. On June 24, 2025, at approximately 7:07 a.m., Plaintiff formally submitted a comprehensive, written internal complaint to NDCS management opposing the cross-gender sexual harassment. Share Staff LLC was notified of this escalating hostility.

16. Exactly two hours later, at approximately 9:07 a.m., NDCS management abruptly intercepted Plaintiff and terminated his assignment.

17. Defendant Share Staff LLC, despite its independent legal obligations under Title VII and the NFEPA, immediately ratified, accepted, and carried out this adverse termination action without performing an independent investigation into the underlying discrimination and retaliation complaints.

18. As a direct result of this joint retaliatory action, Plaintiff lost his annual compensation of $170,000, forcing a transition to alternative employment that created an ongoing annual wage differential exceeding $92,000.

STATEMENT OF CLAIMS

COUNT I: Title VII & NFEPA – Retaliation (Joint Employer Liability)

19. Plaintiff realleges paragraphs 1 through 18.

20. Plaintiff engaged in protected activity under 42 U.S.C. § 2000e-3(a) and Neb. Rev. Stat. § 48-1114 by opposing cross-gender sexual harassment and reporting facility misconduct.
21. Defendant Share Staff LLC had notice of these protected activities through Plaintiff's constant communications.
22. Defendant Share Staff LLC is jointly liable for the adverse employment action because it knowingly participated in, acquiesced to, and executed the termination of Plaintiff's contract assignment a mere two hours after the formal complaint was filed, effectively rubber-stamping the facility's illegal retaliatory motive.

COUNT II: Title VII & NFEPA – Hostile Work Environment (Joint Employer Liability)

23. Plaintiff realleges paragraphs 1 through 18.
24. Plaintiff was subjected to a severe and pervasive sexually hostile work environment driven by cross-gender harassment in violation of 42 U.S.C. § 2000e-2(a) and Neb. Rev. Stat. § 48-1104.
25. Defendant Share Staff LLC had explicit, contemporaneous knowledge of this ongoing targeted harassment through Plaintiff's direct reports.
26. Share Staff LLC breached its independent duties as a joint employer by failing to execute protective or corrective measures, choosing instead to allow the hostile termination to stand unaddressed.

PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

A. Issue a permanent injunction restraining Defendant from engaging in cross-gender harassment or retaliating against personnel who communicate with the Governor's Office or Inspector General.
B. Award full back pay with prejudgment interest to eliminate the $92,000+ annual wage differential, alongside front pay and complete reinstatement.
C. Award compensatory damages for emotional distress, humiliation, and damage to professional standing resulting from this severe retaliatory action.
D. Order Share Staff LLC to clear Plaintiff-Intervenor's operational file of any pretextual reprimands or manufactured negative documentation.
E. Award reasonable attorney's fees, litigation expenses, and costs.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 13 day of October, 2026.

Respectfully submitted, [signature]

s/ Jesus Chavez
Jesus Chavez, Plaintiff Pro Se
2162 Liberty Ave
Missouri Valley, Iowa 51555
(202) 336-9290
vicfelix87@icloud.com